By the Court.
This cause came into this court by proceeding in error to the finding and holding of the Public Utilities Commission of the state, wherein the Commission denied the application of the Lima Toledo Railroad Company for authority to issue and deliver to one Thomas Newhall its common capital stock of the par value of $1,000,000, its 7 per cent, preferred capital stock of the par value of $750,000, and its first mortgage 6 per cent. 25-year gold bonds of the principal sum of $1,000,000, as the agreed consideration for the interurban electric system formerly owned by the Ohio Electric Railway Company, extending from the city of Lima to and into the city of Toledo, which property had a short time previously thereto been acquired by the 3aid Thomas Newhall in a proceeding in the District Court of the United States for the Northern District of Ohio, who had contracted to sell the same to the Lima Toledo *331 Railroad Company for the capital securities above set out, when issued in compliance with the laws of the state of Ohio.
The Commission concluded that the property was not of sufficient value for the issuance of the proposed capital securities, but did not go further and fix a value of the property for such purpose, and enter an order authorizing the issue and disposition of the securities in such an amount as it deemed warranted by the value of the property, because of the statement by counsel that they did not desire any further proceeding in the event the Commission could not fix the valuation as prayed in the application and authorize the securities thus enumerated. The Commission based its finding and denial of the application in part upon its conclusion that the earnings of the property over a considerable period of time have been insufficient to pay all operating expenses and fixed charges, to allow a reasonable depreciation charge, and to provide a reasonable return upon a value equal to the capitalization sought in this proceeding, although it did find that there had been some increase in the revenues of the property by reason of new terminal facilities, and that there is reasonable ground to believe the earnings may be somewhat increased.
The principal contention made is that the finding and order of the Commission are unlawful and unreasonable, because, the Commission having found that “possibly the reproductive cost of the property herein sought to be capitalized would exceed the par value and principal amount of the securities herein asked to be issued, and that such reproductive cost depreciated to the present value of the *332 property would probably equal the total amount of such securities,” it should have issued the order prayed for, and that it was in error in going further and concluding that “in fixing and determining the value of the property, as required by law, the Commission should take into consideration matters other than merely the reproductive cost depreciated to a present value,” and that “the investigation of this Commission shows, taking into consideration the operation of this property over a considerable period of time, its earnings have been insufficient to pay all operating expenses, fixed charges, allow a reasonable depreciation charge, and provide a reasonable return upon a value equal to the capitalization sought in this proceeding.”
The authority conferred upon the Public Utilities Commission by Sections 614-53 to 614-55, G-eneral Code, in respect to supervising the issue of securities by utilities and railroads, is very broad and comprehensive. Only when authorized by order of the Commission may such securities be issued, and in order to determine whether such order shall be made the Commission is directed to hold such hearings, make such inquiries or investigations, etc., as it may deem proper. And those sections provide further that “all stocks, bonds, notes or other evidence of indebtedness issued by any public utility or railroad without the consent or permission of the Commission, as herein provided, shall be void and of no effect.”
Such proceedings and order are undoubtedly required for the protection of the public, in more ways than one, and the Commission is clearly authorized to deny the application for the issuance of securities *333 based upon an overvaluation, or one, upon which, taking into consideration the earning value of the property, a fair return upon the amount of such capitalization may not probably be realized or reasonably expected. Such action, coming within the authority of the Commission, under the statutes, for reasons frequently stated in our review of orders of the Public Utilities Commission, we are not disposed to reverse its finding and order; there being substantial evidence in the record to support its conclusion. In our opinion such finding and order are neither unlawful nor unreasonable.
The order of the Commission is therefore affirmed.

Order affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.
Wanamaker, J., not participating.